IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3194-FL

| | | |
|---|---|---|
| SHERMAN GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARVIN FRANKLIN, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on defendant's motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 56) and to seal records filed in support of same (DE 61). Plaintiff responded in opposition to the motion for summary judgment and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court grants the motions.

**STATEMENT OF THE CASE**

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint June 30, 2023, asserting claim for violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant Marvin Franklin, a correctional officer at the Eastern Correctional Institution ("ECI"), used excessive force against him in violation of the Eighth Amendment to the United States Constitution. As relief, plaintiff seeks compensatory and punitive damages.

Following a period of discovery, and in accordance with the court's case management order, defendant filed the instant motion for summary judgment. Defendant argues that the

---

[1] The court constructively amends the case caption to reflect dismissal of formerly named defendant Cassandra Farmer by order entered October 24, 2024.

undisputed record evidence shows he did not use excessive force and that he is entitled to qualified immunity. In support of the motion, defendant relies upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: 1) defendant's personal declaration; 2) declaration of Amy Larosa, medical records custodian for the Department of Adult Correction ("DAC"); and 3) plaintiff's medical records. As noted above, defendant also filed unopposed motion to seal the medical records.

Plaintiff responded in opposition to defendant's motion, arguing that genuine disputes of material fact preclude summary judgment, and that defendant is not entitled to qualified immunity. In support, plaintiff relies upon memorandum of law, his personal affidavit, DAC policy regarding use of force, affidavit of Melissa Taylor Heath ("Heath"), a correctional officer at ECI during the relevant time period, defendant's statement of material facts and declaration, and incident report and investigative records related to the use of force incident.

Defendant filed reply in further support of his motion for summary judgment, together with declaration of James Roberts, the DAC correctional official who conducted the investigation into the use of force, and attached investigative records.

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett,

2

477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc.,

3

395 F.3d 485, 489 (4th Cir. 2005).  By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied.  Id. at 489–90.

B.      Analysis

Plaintiff alleges single claim for excessive use of force premised on January 27, 2023, incident at ECI where he was sprayed with pepper spray during staff altercation with another inmate.  (Pl's Aff. (DE 67-1)).  The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" which constitutes cruel and unusual punishment.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  The excessive force inquiry has an objective prong and a subjective prong. Under the objective prong, the inmate must establish that the force used was "nontrivial" or more than "de minimis."  Wilkins v. Gaddy, 559 U.S. 34, 39 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 10 (1992).

To satisfy the subjective prong, the inmate must show a prison official acted with a "sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 297 (1991).  In an excessive force case, "the 'state of mind required is wantonness in the infliction of pain.'"  Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019) (quoting Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)).  The relevant inquiry for the subjective prong is whether the force was applied "in a good faith effort to maintain or restore discipline," or "maliciously" and "for the very purpose of causing harm."  Whitley, 475 U.S. at 320-21; Brooks, 924 F.3d at 113.  The "question is not whether a reasonable officer could have used force to maintain discipline, but whether these particular officers did use force for that reason."  Brooks, 924 F.3d at 113.

Here, assuming without deciding that plaintiff provides sufficient evidence to satisfy the

4

objective prong, his claim fails on the subjective prong.   The overwhelming evidence in the record shows that the officers, which may have included defendant, accidentally sprayed pepper spray on plaintiff during an altercation with another inmate.   (See Pl's App. (DE 68-1) at 36–38, 40–41, 49, 60, 61; see also Franklin Decl. (DE 58) at 2).   Plaintiff and third-party witness Heath attest that defendant sprayed plaintiff after an officer instructed him not to do so and that this behavior was malicious and excessive, (see DE 67-1, 68-1 at 21), but such conclusory assertions are insufficient standing alone to create a triable issue of fact on the subjective prong.   See Wai Man Tom v. Hospitality Ventures, 980 F.3d 1027, 1037 (4th Cir. 2020) (explaining "conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion").   Indeed, other than these conclusory assertions that defendant's actions were malicious, there is no evidence suggesting defendant even heard the instruction not to spray plaintiff or that he did so purposefully during the violent confrontation with another inmate.   Thus, plaintiff has not shown a genuine dispute of material fact as to whether defendant's use of pepper spray was malicious or for the very purpose of causing harm.   See Whitley, 475 U.S. at 320-21; Brooks, 924 F.3d at 113.

Plaintiff also emphasizes that he was not provided a decontamination shower in the hours following the incident.   (Pl's Aff. (DE 67-1)).   But plaintiff did not allege independent claim for failure to provide decontamination shower in his complaint.   (See DE 1).   Nor does plaintiff explain in the instant filings how defendant Franklin was responsible for the lack of a timely shower.   See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").   Accordingly, the

5

court dismisses this claim without prejudice.

Finally, to the extent plaintiff's complaint should be construed to include state law claims, the court declines to exercise supplemental jurisdiction over same. If all federal claims are dismissed before trial, a court typically should refrain from exercising supplemental jurisdiction. E.g., United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Henderson v. Harmon, 102 F.4th 242, 251 (4th Cir. 2024). Here, the court finds that "declining to exercise jurisdiction would not be inconvenient, unfair, or wasteful of judicial resources" particularly where the legal standards for the federal and state law claims differ to some degree, and the immunity doctrines applicable thereto are different. Henderson, 102 F.4th at 251; see Smith v. North Carolina, 289 N.C. 303, 331 (1976) (discussing public officer immunity). Moreover, the parties did not even address state law claims in their briefing on the instant motion, suggesting plaintiff has abandoned same.

C.      Motion to Seal

Defendant also moves to seal plaintiff's medical records filed in support of the instant motion for summary judgment. The court has reviewed and considered the motion under the governing standard. Doe v. Public Citizen, 749 F.3d 246, 266–67, 272 (4th Cir. 2014). Plaintiff does not oppose sealing these records, and the public has received adequate notice of the motion to seal. Plaintiff's interest in the confidentiality of his medical records requires sealing in this instance. See Local Civil R. 26.1(a)(1).

**CONCLUSION**

Based on the foregoing, defendant's motion for summary judgment (DE 56) is GRANTED. Plaintiff's claim regarding failure to provide timely decontamination shower and any state law

6

claims are dismissed without prejudice.   Defendant's motion to seal (DE 61) is GRANTED and the clerk is DIRECTED to maintain docket entry 60 under seal, and to close this case.

SO ORDERED, this the 31st day of March, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge

7